UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMIE ANN HILDEBRANDT,

        Petitioner,

  v.

Case No. 20-cv-705-pp

SHERIFF DALE J. SCHMIDT,

        Respondent.

---

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. §2241 (DKT. NO. 1), DENYING AS MOOT PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE WITHOUT PREJUDICE**

---

On May 8, 2020, the petitioner, representing herself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. Her petition challenges her pretrial detention in Dodge County Case No. 2020CF00062, arguing (1) that her pretrial detention violates 28 U.S.C. §2241 because she cannot meet the excessive bail/bond, (2) that her bail is excessive because she has no history of violent crimes, and (3) that "[t]he alleged charges against [her] are based on information which is defective." Id. at 6. For relief, she asks to be released from pretrial detention, as well as a lawyer who will fight for her rights. Id. at 7. With her petition, the petitioner filed a motion to proceed without prepaying the $5.00 filing fee. Dkt. No. 2. This order dismisses the §2241 petition, denies as moot the motion to proceed without prepaying the filing fee and dismisses the case without prejudice.

1

**I.     Rule 4 Screening**

　　A.    Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Instead, the court considers whether the petitioner has stated cognizable grounds for federal *habeas* relief and whether the petitioner has exhausted his state court remedies.

"The appropriate vehicle for a state pre-trial detainee to challenge [her] detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x. 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401

U.S. 37, 43-45 (1971)). Exceptional circumstances exist where irreparable damage would occur, such as when the plaintiff claims the criminal case resulted from prosecutorial harassment or that the prosecution was brought in bad faith. Younger, 401 U.S. at 49. Generally, relief is available only after the petitioner has exhausted state-court remedies. Olsson v. Curran, 328 F. App'x. 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Younger, 401 U.S. at 49 (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

    B.    Analysis

The petitioner cites an April 7, 2020 "Bail/Bond Cash bail of $100,000 (Monetary Conditions of Release)" as the decision or action she is challenging. Dkt. No. 1 at 2. She states that she did not appeal that decision, file a grievance or seek an administrative remedy, reasoning that she "[d]id not know how to." Id. After listing her grounds for relief, the petitioner requests the following relief:

> I would like to be released from pretrial detention with a signiture bond, recognizance of relatives/loved ones or in the alternative minimal bail/bond; and/or consideration for an ankle monitor; and any other statitory relief available to me according to law. I want an appointed lawyer that will truely help me fight for my rights and prove my innocents.

Id. at 7. The petitioner dated the petition April 24, 2020. Id. at 8.

The court checked the publicly available state-court docket, which shows that the State filed a criminal complaint against the petitioner on March 12, 2020. State v. Hildebrandt, Dodge County Case No. 2020CF000062 (available

3

at https://wcca.wicourts.gov). The docket shows that on April 15, 2021, the petitioner appeared in court with Attorney John Smerlinski and pled no-contest to child neglect resulting in death. Id. It reflects that the circuit court accepted the petitioner's plea, found her guilty and ordered both parties to file presentence investigation reports by July of 2021. Id. The petitioner's sentencing hearing is scheduled for July 27, 2021. Id.

The court must dismiss the petition. If the petitioner's claims are not moot because of her no-contest plea and the court's finding of guilt, the petitioner's claims will become moot when the state court sentences her and enters a judgment of conviction. "Because a pre-trial detainee is not yet 'in custody pursuant to the judgment of a State court,' relief under 28 U.S.C. §2254 is not available." Id. (citing Jacobs v. McCaughtry, 251 F.3d 596, 597-98 (7th Cir. 2001)). If the petitioner is convicted in state court while the federal *habeas* petition is pending, however, "the claims concerning [her] pre-trial confinement [become] moot." Id. (citing Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993)). The petitioner has pled no contest, and the Dodge County Circuit Court has found her guilty. Under Jackson, the petitioner's claims about her pretrial confinement will become moot once the state court enters the judgment of conviction; her continued detention will then be the result of that state court judgment. That means that if she wants to challenge her confinement, she must do so under 28 U.S.C. §2254, not §2241. See Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (a petitioner must proceed under 28 U.S.C. §2254 "as long as the person is in custody pursuant to the *judgment* of

4

a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.") (emphasis in original); see also Simpson v. Pollard, No. 15-C-171, 2015 WL 5010537 (E.D. Wis. Aug. 20, 2015).

Because the state court has not yet entered judgment, the petitioner's claims may not yet be moot. Even so, this court still would be required to dismiss the petition. Even if the petitioner's claims are not moot because of her no-contest plea, she has what the United States Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 ..., and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts ...."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). This federal court cannot interfere with ongoing state criminal proceedings. The petitioner has not described any extraordinary circumstances. She had the ability to address her concerns in state court—she could have filed motions to challenge the sufficiency of the evidence against her, asked for a new lawyer, asked for a bond reduction or release. All of those remedies were available to her in state court.

The court will not convert this petition from a §2241 petition to a §2254 petition. The state court docket (and the petition itself) indicates that the petitioner has not "exhausted" her claims in state court, as §2254 requires. Section 2254(b)(1) says that a federal court cannot grant *habeas* relief unless the petitioner "has exhausted the remedies available in the courts of the State." "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue [her] claim before seeking federal habeas corpus relief." Blanck v. Waukesha Cty., 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999); 28 U.S.C. §2254(b). In order to exhaust a state court remedy, a petitioner must raise her claims "through one full round of state court review . . . ." Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014) (citing Gray v. Hardy, 598 F.3d 324, 330 (7th Cir. 2010)). It is not enough to file a motion with the trial court. To exhaust her remedies, the petitioner must give the trial court, the Wisconsin Court of Appeals and the Wisconsin Supreme Court the opportunity to rule on her claims.

When she filed the petition, the petitioner had not pursued any available state remedies. She had not yet been convicted, so she had not been able to file an appeal to the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Even if this federal court converted the petitioner's §2241 petition into a §2254 petition, it would be required to dismiss the §2254 petition for failure to exhaust state remedies. Rose v. Lundy, 455 U.S. 509, 522 (1982).

The bottom line is that the petitioner filed this federal *habeas* petition prematurely—too soon. If, after the state judge imposes sentence, she appeals

6

to the Wisconsin Court of Appeals and the Wisconsin Supreme Court and is unsuccessful, she then may file a new federal petition for *habeas corpus* under 28 U.S.C. §2254.

## II. Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). Because the court is dismissing the case, it will deny the motion as moot.

## III. Certificate of Appealability

Under Rule 11(a) of the Rules governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner's §2241 petition should be dismissed as moot.

## IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DENIES AS MOOT** the petitioner's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

7

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 20th day of May, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**